UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHELDON P. JOHNSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, MAYOR, ERIC
ADAMS, et al.,

Defendants.

1:25-CV-10655 (DEH)

ORDER OF SERVICE

DALE E. HO, United States District Judge:

Plaintiff Sheldon P. Johnson, who is appearing *pro se* and is currently held in the Otis Bantum Correctional Center on Rikers Island, filed this action asserting claims for damages and alleging that the defendants have violated his federal constitutional rights. He sues: (1) former New York City Mayor Eric Adams, in his official capacity; (2) former New York City Department of Correction Commissioner Lynelle Maginley-Liddie, in her official capacity; (3) Dr. Michele Banks, the George R. Vierno Center's ("GRVC") Grievance Supervisor, in her individual capacity; (4) Joron Parris, a GRVC grievance employee, in his individual capacity; and (5) GRVC Director of Programs Spencer, in her individual capacity. The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), as well as claims under state law.

By order dated January 7, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. [1]

---

[1] Incarcerated plaintiffs are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Plaintiff, in asserting official-capacity claims for damages against Defendants Adams and Maginley-Liddie, is treated as asserting claims against the City of New York. *See Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself."); *Bah v. City of New York*, No. 20 Civ. 0263, 2022 WL 955924, at *3 (S.D.N.Y. Mar. 30, 2022) (holding, in the context of RLUIPA claims, that "Plaintiff's claims against the Individual Defendants brought in their official capacities are duplicative of her claims against the City of New York"). The Court therefore respectfully directs the Clerk of Court to drop Adams and Maginley-Liddie as defendants, and to add the City of New York as a defendant, under Rule 21 of the Federal Rules of Civil Procedure. The addition of the City of New York as a defendant in this action is without prejudice to any defenses that the City of New York may assert.

Further, the Court respectfully directs the Clerk of Court to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that (1) the City of New York; (2) Dr. Michele Banks, the GRVC's Grievance Supervisor; (3) Joron Parris, a GRVC grievance employee; and (4) GRVC Director of Programs Spencer, waive service of summonses.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.

SO ORDERED.

Dated:  March 13, 2026
        New York, New York

_____
            DALE E. HO
      United States District Judge

2